AYRES, Judge.
By this action plaintiff seeks to recover of the named defendant and his insurer damages for personal injuries sustained by him, for damage to his clothing, and for reimbursement of hospital and medical expenses incurred in the treatment of his injuries.
The issues presented for resolution are purely factual in character. While angling northwesterly at a rapid pace across Georgia Avenue between its intersections with North Bonner and North Vienna Streets in Ruston, Louisiana, plaintiff was struck and knocked down by a pickup truck owned and operated by defendant Haws. Negligence charged to Haws as constituting the proximate cause of the accident consisted primarily of his failure to make proper observation, to keep his vehicle under control, to stop, to change lanes of traffic, or to conduct himself as a prudent driver to avoid striking plaintiff.
Negligence directed by defendants to plaintiff as the sole cause of the accident or, in the alternative, as contributing thereto, was plaintiff’s failure to keep a proper lookout, to accord defendant the right of way, and in recklessly, heedlessly, and negligently walking from a place of safety directly into the path of defendant’s oncoming vehicle, in disregard of the care and caution required of him, with complete abandonment of the dictates of human care, prudence, and caution, and in attempting to cross Georgia Avenue at a point where there was no pedestrian walkway on a dark, rainy night while dressed in dark clothing and further obscured by a black umbrella used to protect himself against the rain.
In brief and in argument before this court, plaintiff contends that defendant Haws had the last clear chance to avoid the accident but nevertheless failed to do so. After trial, the court, for reasons assigned in a written opinion, concluded that defendant was without fault, and emphasized the fact that, if Haws were guilty of any negligence, then plaintiff’s contributory negligence would bar his recovery. There was judgment accordingly rejecting plaintiff’s demands, and he appealed.
Georgia Avenue, at the scene of the accident, is a 4-lane main thoroughfare and *694 comprises a segment of U. S. Highway 80. The scene was poorly lighted. There was a light at the east end of the block where Georgia and North Bonner intersect, and a light on the west side of North Vienna Street at the southwest corner of its intersection with Georgia Avenue. Numerous trees darkened and shadowed the area. A moderately heavy rain was falling.
Prior to the accident plaintiff visited a Piggly Wiggly store located to the east and south of the city block in which the accident occurred. With his purchases in his arms, he proceeded westerly, presumably at first on the south side of Georgia Avenue, but on approaching the center of the block he walked into the street, angled northwesterly across the street where, upon reaching the fourth lane, or the northernmost of the two westbound traffic lanes, he was struck by defendant’s truck and knocked to the surface of the street. The point of impact was estimated at from 25 to 35 feet east of the North Vienna Street intersection.
Excessive speed was not charged to defendant. The evidence from all the witnesses is to the effect that Haws was traveling very slowly. He estimated his own speed at 10 to 12 m.p.h. Other witnesses were in accord. No estimate exceeded 15 m.p.h. Moreover, the record discloses that defendant’s truck was proceeding near the north curb, as defendant’s intention was to make a right turn and to continue northerly on North Vienna.
No question is raised as to the adequacy of defendant’s headlights or to the sufficiency of his brakes. Defendant testified that as he was proceeding cautiously and observing the street within the distance illuminated by his headlights, plaintiff suddenly appeared in his lane of travel directly in front of his truck. After striking plaintiff, he immediately applied his brakes and stopped his truck within a distance of six to eight feet. In this, his testimony is supported by the location of plaintiff’s merchandise which was jarred from his grasp and thrown onto the street in front of and underneath the front portion of the truck. Because of the darkness of the night, the falling rain, the poor street lighting, the drab color of plaintiff’s clothing, and the black umbrella shielding him from the rain, it was difficult, even with defendant’s precautions and his slow rate of speed, for defendant to see plaintiff until plaintiff had made one or two steps forward from the darkness into the light of and in front of defendant’s truck.
Under the circumstances shown to have existed at the time of the accident, it can only be concluded that plaintiff, without observing the approach of defendant’s truck, which he could easily have done by observing its headlights, and in jaywalking across the street dressed in apparel difficult to see during a heavy rain, was guilty of the grossest kind of negligence in thus attempting to enter and cross Highway 80 without making certain that the way was clear and that such maneuver could be made in reasonable safety.
With respect to defendant Haws, the trial court observed that he had his truck in excellent condition — good lights, good brakes, with the windshield wipers working properly. The testimony established that rain was falling at the time of the accident. Under the law, as commented by the court, Haws had the right to assume there would be no pedestrian crossing in the middle of the block, and under the prevailing atmospheric conditions he was not necessarily required to observe or to anticipate that a pedestrian would be crossing the highway in the middle of a block. In a split second plaintiff appeared in defendant’s lane of travel immediately in front of his truck. As aforesaid, defendant applied his brakes and stopped his truck almost instantly within a distance of six to eight feet.
The issues in this case are factual. The evidence supports the trial court’s finding that defendant was free from fault or negligence. We are in agreement with his Honor’s conclusions that defendant was *695 guilty of no negligence, but that plaintiff’s negligence, which, in the court’s language, consisted of “walking across the four-lane highway on a dark night, dressed in dark clothing, having a black umbrella, making himself almost invisible to be seen and without maintaining a proper lookout,” and, to which we may add, during a heavy rain, constituted the sole and proximate cause of the accident.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.